UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-80048-Marra/McCabe

8 U.S.C. § 1324(a)(1)(A)
8 U.S.C. § 1324(a)(2)(B)(ii)
18 U.S.C. § 922(g)(5)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 982(a)(6)



FILED BY _SW_ D.C.

APR 16 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES OF AMERICA

vs.

PALLAVI ANN LEMON,
REKO CURRY,
GRUZ SIMMS,
and
SHUVALO ROBERTS,

   **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or around March 2024, the exact date being unknown to the Grand Jury, and continuing through on or about March 30, 2024, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**PALLAVI ANN LEMON,
REKO CURRY,
and
GRUZ SIMMS,**

did knowingly and willfully conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in

1

violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNTS 2-9

On or about March 30, 2024, in Palm Beach County, in the Southern District of Florida, the defendant,

**PALLAVI ANN LEMON,
REKO CURRY,
and
GRUZ SIMMS,**

did knowingly bring, an alien, as set forth in Count 2 through 9 below, to the United States for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such alien had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such alien:

| Count | Alien |
|---|---|
| 2 | J.T.C. |
| 3 | C.C. |
| 4 | M.A.C. |
| 5 | R.C. |
| 6 | M.C. |
| 7 | P.C. |
| 8 | L.M.C. |
| 9 | M.A.C. |

2

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT 10

On or about March 30, 2024, in Palm Beach County, in the Southern District of Florida, the defendant,

**SHUVALO ROBERTS,**

being an alien admitted to the United States under a nonimmigrant visa, did knowingly possess a firearm and ammunition, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(5)(B).

It is further alleged that said firearm and ammunition are:

    a. One (1) Smith and Wesson M&P Shield .40 caliber semi-automatic pistol; and

    b. Approximately six (6) rounds of .40 caliber Speer ammunition.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **PALLAVI ANN LEMON, REKO CURRY, GRUZ SIMMS, and SHUVALO ROBERTS**, have an interest.

2. Upon conviction of any violation of Title 8, United States Code, Section 1324, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6):

    (i) any conveyance, including any vessel, vehicle, or aircraft, used in the commission of such offense;

3

(ii) any property, real or personal, that constitutes, or is derived from, or is traceable to any proceeds obtained, directly or indirectly, from the commission of such offense; and

(iii) any property, real or personal, that was used to facilitate, or intended to be used to facilitate, the commission of such offense.

3. Upon conviction of a violation of Title 18, United States Code, Section 922(g), or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Sections 924(d)(1) and 982(a)(6), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BRIAN RALSTON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO.: 24-cr-80048-Marra/McCabe |
|---|---|
| v. | |
| PALLAVI ANN LEMON, et al. | **CERTIFICATE OF TRIAL ATTORNEY** |
| _____/ | |
| Defendants. | **Superseding Case Information:** |

**Court Division** (select one)

- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☒ WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I ☒ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-8156-BER

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of April 10, 2024 (Reko Curry, Gruz Simms, Shuvalo Roberts)

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
BRIAN RALSTON
Assistant United States Attorney
Court ID No.    A5502727

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: PALLAVI ANN LEMON

**Case No**: 24-cr-80048-Marra/McCabe

Count 1:

Conspiracy to encourage and induce an alien to enter the United States, in violation of the law

8 U.S.C. §§ 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I)
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000
* Special Assessment: $100

Counts 2-3:

Alien smuggling for pecuniary gain

8 U.S.C. §§ 1324(a)(2)(B)(ii)
* Max. Term of Imprisonment: 10 years
* Mandatory Min. Term of Imprisonment (if applicable): 3 years
* Max. Supervised Release: 3 years
* Max. Fine: $250,000
* Special Assessment: $100

Counts 4-9:

Alien smuggling for pecuniary gain

8 U.S.C. §§ 1324(a)(2)(B)(ii)
* Max. Term of Imprisonment: 15 years
* Mandatory Min. Term of Imprisonment (if applicable): 5 years
* Max. Supervised Release: 3 years
* Max. Fine: $250,000
* Special Assessment: $100

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: REKO CURRY

**Case No**: 24-cr-80048-Marra/McCabe

Count 1:

Conspiracy to encourage and induce an alien to enter the United States, in violation of the law

8 U.S.C. §§ 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100**

Counts 2-3:

Alien smuggling for pecuniary gain

8 U.S.C. §§ 1324(a)(2)(B)(ii)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 3 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100**

Counts 4-9:

Alien smuggling for pecuniary gain

8 U.S.C. §§ 1324(a)(2)(B)(ii)
* **Max. Term of Imprisonment: 15 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100**

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: GRUZ SIMMS

**Case No**: 24-cr-80048-Marra/McCabe

Count 1:

Conspiracy to encourage and induce an alien to enter the United States, in violation of the law

8 U.S.C. §§ 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**
* **Special Assessment: $100**

Counts 2-3:

Alien smuggling for pecuniary gain

8 U.S.C. §§ 1324(a)(2)(B)(ii)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 3 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**
* **Special Assessment: $100**

Counts 4-9:

Alien smuggling for pecuniary gain

8 U.S.C. §§ 1324(a)(2)(B)(ii)
* **Max. Term of Imprisonment: 15 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**
* **Special Assessment: $100**

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: SHUVALO ROBERTS

**Case No**: 24-cr-80048-Marra/McCabe

Count 10:

Possession of a firearm by a non-citizen

18 U.S.C. § 922(g)(5)(B)

* Max. Term of Imprisonment: 15 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000
* Special Assessment: $100

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.